

NUMBER 13-10-00611-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MOSES E. WILCOX SR., M.D.,                                    Appellant,

v.

MARIA G. MONTALVO, ET AL.,                                   Appellees.

**On appeal from the 130th District Court
of Matagorda County, Texas.**

# DISSENTING MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes
Dissenting Memorandum Opinion by Justice Garza**

I respectfully dissent because I believe Dr. Downing's report was sufficient. As the majority notes, to constitute a "good faith" effort and survive a motion to dismiss under section 74.351(*l*), a medical expert report must (1) inform the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis for the trial court to conclude that the claims have merit. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d

48, 52 (Tex. 2002); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). Here, Dr. Downing's report provided more than enough information to satisfy both prongs of this test.

The majority holds that Dr. Downing's report does not "articulate what specific negligent conduct has been called into question," but it does—it states that Garcia's being dropped to the floor was the conduct called into question. The majority holds that the report does not "specifically describe the standard of care for transferring a disabled patient," but it does—it states that the applicable standard is to avoid dropping patients to the floor. The majority holds that the report does not state "what Dr. Wilcox and his staff did or failed to do" that breached the standard of care, but it does—it states that Dr. Wilcox or his staff breached the standard by dropping Garcia to the floor. The majority holds that the report does not state "what a reasonable and prudent physician would have done in the same or similar circumstances," but, again, it does—a reasonable physician and staff would not have dropped an elderly, amputee patient to the floor.

The Court is correct that "[a]n expert must provide statements concerning the standard of care to identify the care expected that was not given with such specificity that inferences are not needed to discern them." *See Granbury Minor Emergency Clinic v. Thiel*, 296 S.W.3d 261, 270 (Tex. App.–Fort Worth 2009, no pet.). But no inferences are necessary here to advise Dr. Wilcox of the conduct being challenged, and no inferences are necessary to give the trial court a basis to conclude that Montalvo's claims have merit. *See Bowie Mem'l Hosp*, 79 S.W.3d at 52. It is simply common sense that a patient should not be dropped while being transferred from place to place in a medical facility.

2

The majority appears to be desirous of further "specifics" regarding the dropping of Garcia. This is apparently in reference to the Montalvos' pleadings alleging that Dr. Wilcox "allowed a hazardous condition to exist in his examining room, specifically wires and cords stretched out across the floor . . . ." However, it is well established that an expert report need not "marshal all of a claimant's proof." *Palacios*, 46 S.W.3d at 878. Instead, it merely must include the expert's opinion on each of the elements identified in section 74.351—standard of care, breach, and causation. *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (Vernon 2011). The expert report need not be as specific as a claimant's pleadings in order to qualify as a "good faith" effort. *See Bowie Mem'l Hosp*, 79 S.W.3d at 52. The mere fact that Dr. Downing's report might have feasibly been more specific is not a legitimate basis upon which to find that a report is insufficient.[1]

---

[1] I further disagree with the Court's treatment of the Montalvos' assertion that Dr. Downing's report "could not have been more specific" because Dr. Wilcox "refused to respond to discovery and refused to appear for deposition. . . ." The Court finds the assertion to be "meritless in view of the statute's near moratorium on discovery until an expert report and curriculum vitae are served." But as the Court recognizes, the statute's "near moratorium" is not, in fact, a bar on all discovery prior to service of an expert report. Instead, the statute authorizes pre-report discovery via requests for disclosure, requests for production and inspection of documents and tangible things, requests for entry onto property, interrogatories, and requests for admission. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s)(1) (Vernon 2011) (permitting, prior to the service of an expert report, "written discovery" as defined in Texas Rule of Civil Procedure 192.7); Tex. R. Civ. P. 192.7. Two pre-report depositions by written questions are also permitted. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s)(2), (u).

Additionally, while the Court concludes that "the Montalvos may not rely upon the inability to depose Dr. Wilcox prior to filing an expert report as a reason for producing a deficient report," the Court does not address the Montalvos' assertion that Dr. Wilcox had "refused to respond" to discovery requests.

That said, the proper remedy for the Montalvos, if Dr. Wilcox did indeed refuse to respond to authorized discovery requests, was to present that issue to the trial court, obtain a ruling, and, if necessary, obtain an order sanctioning Dr. Wilcox. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.352(d) (Vernon 2011) (providing that failure to respond to standard interrogatories and requests for production of documents and things "shall be grounds for sanctions"); Tex. R. App. P. 33.1. This procedure was not followed in this case. Therefore, though I disagree with the Court's reasoning on this issue, I agree with the conclusion that, here, the Montalvos may not use Dr. Wilcox's alleged failure to provide discovery to redeem an otherwise-insufficient report on appeal.

3

For the foregoing reasons, I would affirm the trial court's denial of Dr. Wilcox's motion to dismiss.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
14th day of April, 2011.